FINDLEY
v.
BUCHANAN.

FINDLEY *v.* BUCHANAN, an Infant, by J. WORK, his Guardian.

In malicious prosecution, the party's acquittal by the justice, under whose warrant he was arrested, is sufficient; and the suit may be commenced afterwards on the same day.

Where there are several counts, some good and others bad, the declaration cannot be objected to, in this state, after a general verdict.

The informal appointment of a guardian cannot be assigned for error.

If the verdict in a civil suit, instead of finding the defendant *guilty*, &c., be merely *for the plaintiff*, &c., it is sufficient.

*Friday,*
*May 15.*

APPEAL from the *Clark* Circuit Court.—Case, by *Buchanan* against *Findley*, for malicious prosecution. The declaration contained two counts, the substance of which was, that the defendant, falsely and maliciously and without probable cause, procured a justice's warrant against the plaintiff, upon a charge of felony, and caused him to be arrested, and taken into custody; that nothing being shown against the plaintiff, he was afterwards, by the justice, wholly acquitted and discharged.—Plea, not guilty.—Verdict and judgment for the plaintiff below.

*Findley* assigned for error: 1st, That the justice had no authority to acquit (1).—2dly, That the action was commenced on the day the plaintiff was discharged (2).—3dly, That the second count contained no cause of action, and the verdict was general (3).—4thly, That the plaintiff was an infant and sued by guardian improperly appointed (4).—5thly, That the verdict, instead of finding the defendant guilty, was merely *for the plaintiff, &c.*

*Per Curiam.*—The errors assigned are insufficient; and the judgment is affirmed, with 5 *per cent.* damages, and costs.

*Thompson,* for the appellant.

*Ferguson,* for the appellee.

(1) *A.* procured a warrant, from a justice of the peace, against *B.*, upon a charge of suspicion of felony. *B.* was thereupon arrested and brought before the justice, who, after examining the case, acquitted and discharged him. *B.* sued *A.*, in an action of malicious prosecution, and recovered. *Secor* v *Babcock*, 2 Johns. Rep. 203.

(2) The grounds of a malicious prosecution are, 1. That it was done maliciously; 2. without probable cause. The want of probable cause is the *gist* of the action, and the record should therefore show the prosecution at an end. Saying that the plaintiff was *discharged* is not sufficient; it is not equal to the word *acquitted*, which has a definite meaning. *Morgan* v. *Hughes*, 2 T. R.

225, per *Buller,* J  The allegation of acquittal in the declaration, is matter
of substance and not of description: therefore, if the record shows the acquit-
tal to have been on a day before action brought, it is sufficient, and though
that day is different from the one laid in the declaration, no objection can be
made for the variance.  *Purcell* v. *Macnamara,* 9 East, 157, which overrules
the case of *Pope* v. *Foster,* 4 T. R. 590.  The same principle is decided in *Phil-*
*lips* v. *Shaw,* 4 Barnew. and Ald. 435.  That was assumpsit for not indemni-
fying the plaintiff in becoming bail, at the defendant's request, for *A.* at the
suit of *B.*  The declaration stated that *B* , in *Michaelmas* term, 58 G. 3., re-
covered against the plaintiff.  The judgment given in evidence was in *Hilary*
term: *Held,* that there was no variance, inasmuch as this was not matter of
description, but an allegation, in substance. that the judgment had been ob-
tained before the commencement of the action. The Court said, the case could
not be distinguished from that of *Purcell* v. *Macnamara,* 9 East, 157, which
was decided after much consideration.

(3)  Where there is a general verdict with entire damages, judgment may
be arrested, or a writ of error sustained, if any one count in the declaration is
bad.  *Grant* v. *Astle,* Doug. 722.--1 Chitt. Plead. 394 —*Vaughan* v. *Havens,*
8 Johns. Rep. 109.  Ld. *Mansfield* calls this an ill founded rule, and laments
its existence.  *Grant* v. *Astle,* supra.  In *Ind.* the evil is remedied by statute.
Ind. Stat. 1817, p. 39 ; 1823, p. 297.  So in *Ky.*, *Stockdon* v. *Bayless,* 2 Bibb,
60.  The verdict, in *Eng.*, may be amended by the notes of the judge. 2 Will.
Saund. 171, b, note 1.—S. P. in *N. Y. Union T. Co.* v. *Jenkins,* 1 Caines'
Rep. 381.  In case of a general verdict of guilty, upon an *indictment* consist-
ing of several counts, if there is one good count, that is sufficient.  *Grant* v.
*Astle,* supra.

(4)  Infants must sue by guardian or *prochein amy,* Co. Litt. 135, b, note,
even in company with adults, unless as executors.  *Rutland* v. *Rutland,* Cro.
Eliz. 377.  At common law, if an infant sued by attorney, it was error; but
that is now aided by stat. Jeofails, 21 *Jac.* 1. 4 *Anne.*  Vide 2 Will. Saund.
212, note 5.—Ind. Stat. 1817, p 41; 1823, p. 299.  Infancy of the plaintiff,
if he declare by attorney, may be pleaded in abatement. 1 Chitt. Plead. 436.
By pleading in chief, the defendant admits the due appearance of the plain-
tiff.  *Schemerhorn* v. *Jenkins,* 7 Johns. Rep. 373.

Infant defendants must appear by guardian, *Simpson* v. *Jackson,* Cro. Jac.
640, not by attorney, though sued as individuals, or as executors, with adults.
*Frescobaldi* v. *Kinaston,* 2 Strange, 783.—*Foxwist* v. *Tremaine,* 2 Will. Saund.
212 and note 4.  Hamm. on Part. 290.  If, in C. B., judgment be *against*
an infant defendant, he may, in K. B., assign *the fact* of his appearance by at-
torney for error.  *Bird* v. *Pegg,* 5 Barnew. and Ald. 418.  So, where judg-
ment was *against* several defendants, who appeared by attorney, in the May-
or's Court, *N. Y.,* it was reversed as to all, in the Supreme Court, for error
*in fact,* because one was an infant.  *Arnold* et al. v. *Sandford,* 14 Johns. Rep.
417.  But if judgment is *in favour* of an infant defendant, or of several defend-
ants and one is an infant, the plaintiff cannot assign as error, the appearance
of the infant by attorney.  The law, says *Abbott,* C. J., will protect an infant
where a judgment has been recovered against him ; but the circumstance, that
the plaintiff below has been defeated in his claim against an infant, shows that
he had no cause of action whatever, and, therefore, that he is not entitled to
judgment.  *Bird* v. *Pegg,* supra.  In *Ind.*, errors *in fact* cannot be assigned
in the Sup. Court, except in cases of wills.  Ind. Stat. 1823, p. 132.