### CLARKSON *v.* M'CARTY.

Where a declaration contains several counts, some good and the others bad, the judgment will not be arrested under the statute, after a general verdict for the plaintiff, on account of the bad counts.

The publication of a libel is actionable, though the defendant had the libellous statement from another, and gave the name of the author in the publication.

In a suit for a libel of a very virulent character, there was a verdict for 1,400 dollars. *Held*, that the overruling of a motion made for a new trial on the ground that the damages were excessive, was not error.

ERROR to the *Franklin* Circuit Court.

DEWEY, J.—This was an action on the case for libels. The declaration contains three counts. The first sets out libellous matter composed by the defendant, and by him published in a certain newspaper; the second, similar matter composed by him and published in the same paper, but purporting to be a communication from one *Budd;* the third, a libel published by the defendant, but composed by and bearing the signature of one *Pauley.* Plea, general issue. Verdict for plaintiff; damages 1,400 dollars; motion in arrest of judgment and for a new trial overruled; and judgment upon the verdict.

The reason alleged in support of the motion in arrest of judgment is, that the declaration shows that the defendant was only the publisher of a libel, the name of whose author is given by the publication itself; and that therefore no cause of action appears against the defendant. It is a sufficient answer to this objection that, in point of fact, it is applicable only to the third count. The first and second counts charge

the libellous matter therein contained to have been composed, as well as published, by the defendant. If the third count were vicious, it would not, under the practice prescribed by statute, be sufficient to arrest the judgment, either of the other counts being good. R. S. 1838, p. 454.—*Findley* v. *Buchanan*, 1 Blackf. 12. But the objection, if applicable to the whole declaration, could not prevail. It is founded upon the supposition that the repetition of slander, if the name of the inventor be given at the time, is not actionable. This doctrine had its origin in an extrajudicial opinion expressed in *Northampton's case*, 4th Resolution, 12 Co. 134. That resolution, even in regard to oral slander, has never met the approbation of the *English* Courts, in the unqualified terms in which it is stated; and it has been virtually overruled. *Lewis* v. *Walter*, 4 B. & A. 605; *Bennett* v. *Bennett*, 6 C. & P. 588; and see *Crane et ux.* v. *Douglass*, 2 Blackf. 195, and n. 2, with the authorities there cited. But that doctrine has never been recognized in *England* as being applicable to written slander. On the contrary, the King's Bench has held, that in an action for a libel it is no justification that the defendant, the publisher, had the libellous matter from another, whose name he gave in the publication. The same principle has been established in *New-York*. Both decisions are founded upon the most conclusive reasoning, showing that the security of reputation, the happiness of families, and the peace of society, would be endangered by the adoption of a different doctrine. *De Crespigny* v. *Wellesley*, 5 Bingh. 392.—*Dole* v. *Lyon*, 10 Johns. 447. The Circuit Court committed no error in overruling the motion in arrest of judgment.

It is contended there should have been a new trial granted because the damages are excessive. We do not think so. The press is capable of being an engine of great evil, as well as of great good; and we do not feel disposed to disturb a verdict which is calculated to repress its licentiousness. The libel set forth in the record is of a very virulent character.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*G. Holland*, for the plaintiff.
*J. Ryman*, for the defendant.
VOL. V.—72 *