May Term, 1846.

TEAGLE
v.
DEBOY.

---

## TEAGLE *v.* DEBOY.

An action of slander may be brought against a single defendant in any county in which he may be found.

The sustaining of a demurrer to a plea to the jurisdiction of the Court cannot be objected to by the defendant, if he afterwards pleaded the general issue.

The plaintiff in slander does not, by proving a repetition of the words after the commencement of the suit, give the defendant a right to prove them to be true, under the general issue, in mitigation of damages.

Evidence tending to prove the truth of the words in slander is inadmissible under the general issue.

Under the general issue in slander, the evidence is usually closed with the plaintiff's rebutting testimony; and if the defendant would go further, he must show some special cause.

OF THE STATE OF INDIANA.    135

In such suit, which was for charging the plaintiff with stealing a horse, the verdict was for 500 dollars. A new trial, moved for on the ground that the damages were excessive, was refused. *Held*, that there was no error in the refusal.

ERROR to the *Randolph* Circuit Court.

DEWEY, J.—*Deboy* sued *Teagle* for slander in the *Randolph* Circuit Court. The declaration contains two counts. The first count lays the words spoken of the plaintiff by the defendant to be, "he stole a horse;" "he stole my son's horse." In the second count the words are, "he stole a colt;" "he stole my son's colt." The defendant pleaded to the jurisdiction of the Court, that at the time of the plea pleaded, he resided in *Wayne* county, and not in *Randolph* county. The plaintiff demurred to the plea, and the demurrer was sustained. The defendant then pleaded the general issue. Verdict and judgment in favour of the plaintiff for 500 dollars. Motion for a new trial overruled.

On the trial, the plaintiff having proved the speaking by the defendant of the words laid in the declaration by two witnesses, the defendant offered to prove, in mitigation of damages, that they were true, on the alleged ground that they might have been spoken, as proved by one of the witnesses, after the commencement of the suit. The Court rejected the evidence.

The defendant asked a witness the following question: "Do you know whether the plaintiff himself first started the report that he had stolen the horse?" The question being objected to, the Court refused to permit the witness to answer it.

After the defendant had closed his evidence, the plaintiff introduced several witnesses who gave rebutting testimony, whereupon the defendant, in the language of the record, "offered to introduce surrebutting evidence to two distinct matters about which the plaintiff had given rebutting evidence." The Court excluded the testimony.

The defendant moved the Court to instruct the jury, that both counts of the declaration were bad, and that the plaintiff was not, therefore, entitled to a verdict. The Court refused so to charge.

The counsel for the plaintiff in error contends that the

May Term,
1846.

TEAGLE
v.
DEBOY.

Monday,
July 6.

Court erred in deciding each of the foregoing points. But we think the Court was right in all of them.

The plea to the jurisdiction of the Court is founded on the provision of the statute, that where one or more of the defendants in an action reside in a county different from that in which the suit is brought, process may be sent to the county in which such defendant or defendants reside; but that no judgment shall be rendered against such defendant or defendants, unless process be served on one defendant resident in the county where the suit is commenced. R. S. 1843, pp. 674, 5. But that provision is applicable only to causes in which there are several defendants residing in different counties. It has nothing to do with an action in which there is but one defendant. See *Wynn* v. *Kiser*, 7 Blackf. 299. Besides, if the statute were applicable to this case, the plea would still be bad; it does not allege that the defendant did not reside in *Randolph* county, where the action was brought and the writ served, at the time of service, but that he did not reside there when the plea was pleaded. And this is not all; the defendant overruled his own plea to the jurisdiction of the Court, by subsequently pleading the general issue, which admitted jurisdiction.

With regard to the objection, that the defendant was not allowed to prove the truth of the words established by one of the plaintiff's witnesses, on the alleged ground that they might have been repeated after the commencement of the action, it is sufficient to remark that it does not appear that they were so repeated. The record does not show when the action was commenced. It is true that where words, not laid in the declaration, are proved by the plaintiff to show malice in speaking those which are charged, the defendant may, under the general issue, establish the truth of the former words; and the reason is, that he has had no opportunity to justify them. *Warne* v. *Chadwell*, 2 Stark. R. 457.—*Burke* v. *Miller*, 6 Blackf. 155. But this doctrine is not applicable to this cause, for as the words alleged to have been spoken after the commencement of the suit, were but a repetition of those laid in the declaration, the defendant had an opportunity to justify them. And, moreover, to suffer him to prove the truth of the words laid in the declaration, because the

repetition of them after the action was commenced was proved, would be a violation of the rule which forbids the truth of slanderous words to be given in evidence, under the general issue, either in bar of the action or in mitigation of damages.

The question put to the witness in regard to the report of the plaintiff's having stolen the horse, we understand to be substantially this: Did the plaintiff himself originate the report by stating that he had stolen the horse? In this sense, the evidence was clearly inadmissible, because it tended to prove the truth of the words for which the action was brought.

In respect to what is called the surrebutting evidence, which the Court rejected, on the part of the defendant, the statement in the record is too indefinite to enable us to judge whether an error was committed or not. The presumption, therefore, is that the Circuit Court was right. According to the usual practice, as the pleadings in this cause stood, the evidence was closed by the rebutting testimony of the plaintiff. The state of the case might, however, have been such as to have entitled the defendant to give further evidence. If such was the fact it should have been plainly shown. Whether the "two distinct matters" with regard to which the defendant wished to give testimony, gave him the right to go further with his evidence we have no means of judging.

The refusal of the Court to charge the jury that the declaration was faulty was correct. Both counts are clearly good: they both charge the defendant, in the usual form, with speaking actionable words of the plaintiff.

It is contended that there should have been a new trial because the damages of 500 dollars were excessive. We do not think so.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*J. Smith*, for the plaintiff.

*T. J. Sample* and *O. H. Smith*, for the defendant.