May Term, 1850.

SLADE v. THE STATE.

———— ··· ————

SLADE and Others *v.* THE STATE, on the Relation of McCLASKEY and Others.

Debt on the bond of a pilot and his sureties, charging negligence in piloting certain boats. The defendants offered to prove that the pilot possessed sufficient skill to pilot a boat, but the Court refused to permit this to be given in evidence. *Held,* that there was no error in this; the question was not whether he was capable of piloting a boat skillfully, but whether he did so in the present case.

The evidence is usually closed with the plaintiff's rebutting testimony; if the defendant would introduce further testimony, he must show some special cause.

ERROR to the *Clark* Circuit Court.

PERKINS, J.—Debt on the bond of *Slade* and his sureties, charging the former with negligence in piloting certain boats over the falls of the *Ohio* river. Pleas—1. Not guilty of carelessness in piloting said boats; 2. That said boats were not lost by the carelessness of said pilot; 3. That said pilot never conducted any boats of the relators of the plaintiff over the falls. All these pleas concluded to the country, and to them all the *similiter* was added.

*Tuesday, May 28.*

Jury trial, and verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict. Some instructions of the Court are copied by the clerk, but as they are in no bill of exceptions, they are not before us. The evidence is not upon record, and hence we cannot review the decision upon the motion for a new trial.

There are but two points in this case for our consideration.

The defendants offered to prove that *Slade* possessed sufficient skill to pilot a boat over the falls. The Court refused to permit the evidence to be given. We do not see how this could have injured the defendants. The question was, not whether he was capable of conducting a boat skillfully, but whether he did so in the present case. If he did, and had no skill, this action would not lie. If he did not, no matter how much skill he was capable of exercising, he and his sureties must answer for it.

The second point is this. The defendant offered to read some depositions that had been taken by the plaintiff, but not used on the trial, to which "the plaintiff objected, because said depositions had been taken in behalf of the plaintiff, and because the defendants had closed their evidence, and the plaintiff had closed her rebutting evidence, and the Court sustained the objection," &c.

In *Teagle* v. *Deboy*, 8 Blackf. 134, it is said:

"In respect to what is called the surrebutting evidence, which the Court rejected, on the part of the defendant, the statement in the record is too indefinite to enable us to judge whether an error was committed or not. The presumption is, therefore, that the Circuit Court was right. According to the usual practice, as the pleadings in this cause stood, the evidence was closed by the rebutting testimony of the plaintiff. The state of the case might, however, have been such as to have entitled the defendant to give further evidence. If such was the fact, it should have been plainly shown."

These remarks are peculiarly applicable to, and are decisive of, the point under consideration.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

R. *Crawford*, for the plaintiff.

C. *Dewey*, for the defendant.