WILEY P. DICKERSON, plaintiff in error, vs. A. T. BURKE, defendant in error.

[1.] A tax execution levied on tract of land No. 224 in the 5th district of Carroll, is no evidence to support a sale of the same number in the 3d district, and is inadmissible for that purpose.

[2.] A promissory note, on the face of it joint and several, but signed by but one maker, who puts it in circulation, is good against him.

[3.] It is to be presumed that a note transferred, was transferred before due, and that the holder is a *bona fide* holder for value, and in such case, the note itself is evidence of no notice of a defence except such as may appear on the face of it.

[4.] The holder is not bound to prove that he gave value for it, unless it be first established that the note was lost or stolen.

[5.] Counsel have no right to argue before the jury points to which there is no evidence.

Assumpsit, from Carroll county. Tried before Judge Hammond, October Term, 1857.

The facts of this case are fully stated in the opinion of the Court.

Glenn, and Latham, for plaintiff in error.

Burke & Mabry, contra.

By the Court—McDonald, J. delivering the opinion.

The defendant in error sued the plaintiff in error in the Court below, on a promissory note in the following words : "By the 25th Dec., 1855, we or either of us promise to pay James B. Goddard or bearer 864 17-100 dollars, value rec'd., the above Goddard agrees to pay out of the said note, the expenses of a law suit, if any occurs in good faith, about the land this day sold by the said Goddard to the makers of this note, between this day and the time the note falls due; the land is lots No. 224 and 223, in the 3d district of Carroll county, Ga., this 31st May, 1854.                    [signed]
                                    WILEY P. DICKERSON."
The defendant pleaded the general issue, and that the title to one of the lots (No. 223) has wholly failed. That since the note was given, the said lot has been sold for taxes by an execution against Goddard, to which it was subject and liable; that the title to half of the other lot was not in the said Goddard, but in another person, and wholly lost to defendant, and that plaintiff had notice, &c.

[1.] A tax *fi.fa.* against Goddard for his tax for the year 1854, levied on lot of land 224 in the *5th* district of Carroll, was tendered in evidence and objected to by plaintiff, on the ground that the land levied on was neither of the tracts de--

Dickerson vs. Burke.

scribed in the note. The Court sustained the objection and rejected the evidence. The evidence did not support the plea, and did not apply to the land which constituted the consideration of the note and was properly rejected.

[2.] The note sued on, was received in evidence on the trial without objection. The evidence showed that a man by the name of Summerlin was to be interested in the contract, and was to have signed the note. The Court charged the jury that the note was binding on Dickerson, although Summerlin never signed it. Dickerson put the note in circulation as his own note, and is bound by it; and it was notice to the holder, on the face of it, of no defence, except the expenses of a law suit.

[3.] The holder of a promissory note is presumed to be a *bona fide* holder for value, without notice, and the presumption is that he received it before due.

[4.] He is not bound to prove that he paid value for it unless it be proven that the note had been stolen or lost. This charge is excepted to as a whole, but we see nothing in it to disapprove.

[5.] When the counsel for defendant was about to address the jury and insist that the plaintiff had not proved that he had given value for the note, the Court stopped him, saying that no evidence had been introduced shifting the onus, and he charged the jury to the same effect. The Court ought to have arrested an argument not based on the evidence, and it was also his duty, in the total absence of evidence to a point attempted to be argued to the jury, so to charge.

Judgment affirmed.