OSCAR D. ROLFE *et ux. vs.* INHABITANTS OF RUMFORD.

Oxford, 1876.—May 1, 1877.

*Trial.*

It is error for the presiding justice to permit counsel, in addressing the jury, against seasonable interposition, to proceed with his argument upon asserted facts not in evidence and having no legitimate pertinency to the issue.

ON EXCEPTIONS AND MOTION.

CASE, for injury to plaintiff wife through defective town way January 15, 1874.

The case was on trial nearly a week and resulted in a verdict for the plaintiffs of $275, which they moved to set aside for inadequacy, as against law and evidence. They also filed the following bill of exceptions.

"*E. G. Harlow,* one of the counsel of the defendants, in his closing argument to the jury at the trial of said case, was permitted by the court against the seasonable objection and protest of the counsel for the plaintiffs, to state to the jury the amount of damages recovered in other cases than the one on trial, concerning which no testimony had been offered and which was not in any law report, and to declare as matter of fact that said cases were identical or similar to the one then on trial; and to argue that the damages in the case on trial should in no event be greater than the damages found by the jury in the cases so commented upon; and further, that the cause of action in the case on trial had prob-

ably passed out of the control of the plaintiffs in the case, and of the administrator of Elizabeth S. Rolfe, and to state to the jury certain alleged facts as to the death by consumption of other persons than the said Elizabeth S. Rolfe, alleged by said Harlow to be within his knowledge, but concerning which no testimony was offered ; and to argue to the jury that the counsel for plaintiffs came from another county, and had appeared in other cases against other towns in Oxford county, and had recovered damages therein against said towns, although no evidence was offered touching the same, which statements and arguments the plaintiffs' counsel seasonably requested the court to exclude, but which the court declined to exclude. The presiding judge failed to give any instructions touching said acts, arguments and statements of alleged facts done and made by said counsel for the town, except that the facts were to be settled from the testimony in the case given under oath."

*A. A. Strout & S. C. Andrews,* for the plaintiffs.

*E. G. Harlow,* for the defendants.

VIRGIN, J. We think the learned judge before whom this case was tried erred in permitting the counsel for the defendants, against the seasonable interposition of the plaintiffs' counsel, to proceed with his argument upon asserted facts not in evidence and having no legitimate pertinency to the issue.

It is indispensable to the orderly course of judicial procedure and an impartial administration of the laws, that those officially engaged in the trial of causes shall faithfully observe the established rules of practice. The constitution guarantees to the parties of a cause the right of a trial by a jury duly constituted, and to have the trial conducted according to the course and usage of the common law and the long established rules of judicial proceedings ; and whenever these rules are substantially violated, the right of the parties litigant is to that extent denied.

The law, with great care, prescribes numerous rules for determining the admissibility of the facts to be submitted to the jury, vigilantly and scrupulously excluding from their consideration all such as do not come within the rules. These rules require among

other things that the facts shall be material and pertinent to the issue; and that, when not contained in documents, they shall be delivered under the sanctions of an oath, and their truthfulness tested by cross-examination. Even a juror's own personal knowledge of pertinent facts cannot be considered by himself and his fellows in making up their verdict unless it take on the form of testimony by being delivered from the stand by the juror under oath as a witness. Otherwise, testimony which might influence a verdict would escape the ordeal of cross-examination and discussion. As a sequence of these rules, one of the essential elements in the trial by jury is that they are sworn to render their verdict in accordance with such facts only as are adduced at the trial; and whenever it is rendered without evidence, against evidence or upon incompetent evidence which may have come to the knowledge of the jurors by direct ruling in the court room, or by accident or mistake outside of the court room, it is liable to be set aside and a new trial granted.

So the courts have usually been very firm, whenever occasion has required, in confining counsel within proper and reasonable bounds to whatever is pertinent to the matter on trial. Statements of alleged facts not adduced in evidence, and comments thereon are irrelevant, not pertinent and are therefore clearly not within the privilege of counsel; and any such practice on the part of counsel should be promptly checked, especially when objected to by the other side. *Berry* v. *State*, 10 Ga. 511. *Mitchum* v. *State*, 11 Ga. 615. *Bullock* v. *Smith*, 15 Ga. 395. *Dickerson* v. *Burke*, 25 Ga. 225. *Wightman* v. *Providence*, 1 Clifford, 524. *Tucker* v. *Henniker*, 41 N. H. 317.

In this connection we adopt the views of the courts of Georgia, and New Hampshire expressed in the following forcible and felicitous language :

"It is irregular and illegal for counsel to comment upon facts not introduced in evidence before the jury, and not legally competent as evidence. The counsel represents and is a substitute for his client; whatever, therefore, the client may do in the management of his cause, may be done by his counsel. The largest and most liberal freedom of speech is allowed, and the law protects

him in it. The right of discussing the merits of the cause, both as to the law and the facts, is unabridged. The range of discussion is wide. He may be heard in argument upon every question of law. In his addresses to the jury, it is his privilege to descant upon the facts proved, or admitted in the pleadings ; to arraign the conduct of the parties; impugn, excuse, justify or condemn motives, so far as they are developed in evidence, assail the credibility of witnesses, when it is impeached by direct evidence, or by the inconsistency or incoherence of their testimony, their manner of testifying, their appearance on the stand, or by circumstances. His illustrations may be as various as the resources of his genius; his argumentation as full and profound as his learning can make it ; and he may, if he will, give play to his wit, or wings to his imagination.

"To his freedom of speech, however, there are some limitations. His manner must be decorous. All courts have power to protect themselves from contempt ; and indecency in words or sentiments is contempt. This is a matter of course in the courts of civilized communities, but not of form merely ; for no court can command from an enlightened public that respect necessary to an efficient administration of the law, without maintaining, in its business proceedings, that courtesy, dignity and purity which characterize the intercourse of gentlemen in private life. . . .

"When counsel are permitted to state facts in argument, and to comment upon them, the usage of courts regulating trials is departed from, the laws of evidence are violated, and the full benefit of trial by jury is denied. It may be said in answer to these views that the statements of counsel are not evidence ; that the court is bound so to instruct the jury, and that they are sworn to render their verdict only according to the evidence. All this is true ; yet the necessary effect is to bring the statements of counsel to bear upon the verdict with more or less force, according to circumstances; and if they in the slightest degree influence the finding, the law is violated, and the purity and impartiality of the trial tarnished and weakened. If not evidence, then manifestly the jury have nothing to do with them, and the advocate has no right to make them. It is unreasonable to believe the jury will entirely

disregard them. They may struggle to do so and think they have done so, and still be led involuntarily to shape their verdict under their influence. That influence will be greater or less, according to the character of the counsel, his skill and adroitness in argument, and the force and naturalness with which he is able to connect the facts he states with the evidence and circumstances of the case. To an extent not definable, yet to a dangerous extent, they unavoidably operate as evidence which must more or less influence the minds of the jury, not given under oath, without cross-examination, and irrespective of all those precautionary rules by which competency and pertinency are tested." Nesbit, J., in *Mitchum* v. *State*, *sup.* Fowler, J., in *Tucker* v. *Henniker*, *sup.*. See also *Baldwin's Appeal*, (Conn.) 3 L. & Eq. Rep. 409.

Whether or not the verdict is so inadequate as to warrant us in setting it aside upon the motion, we have not considered it necessary to express an opinion. In actions of this nature, the principles upon which damages are assessed are very indefinite at best, and therefore very much is necessarily left to the good judgment and sound discretion of the jury. Hence, when, as in the case at bar, the testimony is conflicting on several points, courts are very reluctant to interfere with the verdict on the alleged ground of excessive or inadequate damages, except when it is so large or so small as to show that it is the result of perverse judgment or gross error, or that the jury had acted under undue motives or misconception. Therefore we do not pass upon the motion. But inasmuch as that part of the closing argument to which exceptions are alleged was clearly illegal and violative of the rights of the plaintiffs, and urged by an experienced counsel of high character and acknowledged ability, must have necessarily had more or less influence upon the minds of the jury, notwithstanding the instruction of the presiding justice that the case must be settled from the sworn testimony, we think the exceptions must be sustained.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.