PORTER v. CHOEN.

SLANDER.—*Practice.*—*Error on Motion to Strike out Cured by Instructions to Jury.*—Error in refusing to strike out of a complaint for slander words which are not actionable is cured by an instruction to the jury, that such words are not actionable.

SAME.—*Actionable Words.*—Words charging the plaintiff with being a thief, and words charging him and his family or associates with being a "gang of thieves," are actionable.

SAME.—*Words not Actionable.*—Words charging, that the plaintiff had "always kept a set of thieves and liars about him to steal and swear for him," are actionable as regards the charge of keeping thieves to steal for him, but not as regards his keeping them to swear for him.

SAME.—Words spoken by the defendant, of the plaintiff and his family or associates, alleging that the defendant had kept the plaintiff in "meat for twenty years," and that "they will swear a man to hell," are not actionable.

SAME.—*Irregularity.*—*New Trial.*—*Reading Law Reports to Jury.*—On the trial of an action for slander, the counsel for the plaintiff, during his argument of the cause to the jury, over the objection and exception of the defendant, read to the court, in the hearing of the jury, from a digest of the reports of the decisions of the Supreme Court of this State, certain statements, that, in certain actions for slander, damages in certain amounts had been assessed by the juries trying such cases, and that the Supreme Court had refused to set aside the verdicts as assessing excessive damages.

*Held*, that counsel had no right to so read, either from such digest or from the reports themselves.

*Held*, also, that the same was an irregularity entitling the defendant to a new trial.

BILL OF EXCEPTIONS.—*Supreme Court.— Waiver.—Petition for Rehearing.*— Where a bill of exceptions, duly signed, is copied into the record on appeal, by the clerk, and duly certified by him, and the cause is submitted to, and decided by, the Supreme Court, without any objection that the record does not show it to have been filed in time, such objection is thereby waived, and is unavailable on petition for a rehearing.

From the Cass Circuit Court.

*H. C. Thornton*, for appellant.

*D. P. Baldwin*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below.

In his complaint, the appellee alleged, in substance, that he was then, and for twenty years past had been, a citizen of Clinton township, Cass county, Indiana, and neither a thief nor perjurer; that, on the — day of July, 1874, at said county and State, in the presence of divers good citizens of said county and State, the appellant uttered the following false and slanderous words, of and concerning the appellee and his character for honesty and truth, to wit: "Old Charlie Choen is a G—d d—d old cattle thief and hog thief, and I can prove it by all his neighbors; I have been keeping him in hog meat for twenty years. He (the appellee meaning) has always kept a set of G—d d—d thieves and liars about him to steal for him and swear for him (meaning thereby that the appellee was a thief, and consorted with perjurers and thieves). They will swear a man to h—ll (meaning the appellee was a perjurer and a suborner of perjury). The whole G—d d—d Choen gang are thieves"(meaning thereby that the appellee and his family and associates were thieves). All of which charges were false and slanderous; whereby the appellee's character was brought into great and manifest and public scandal and disgrace, and he was

damaged in the sum of five thousand dollars. Wherefore, etc.

To this complaint the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court below, and to this decision the appellant excepted. And the appellant moved the court below in writing to strike out certain parts of the complaint, which motion was also overruled, and to this decision the appellant excepted.

The appellant then answered in four paragraphs, in substance, as follows:

1. A general denial.

2. The appellant admitted the speaking of the words charged in the complaint; but, as to the words which charged the appellee with being a cattle thief and hog thief, that they were true; that, on the 1st day of June, 1874, at said county and State, the appellee did then and there feloniously steal, take, drive and carry away one hog, the personal property of one William R. Porter, of the value of ten dollars; and so the appellant charged, said words were true, and, therefore, the appellant ought not to recover.

3. The appellant admitted the speaking of the words charged in the complaint; but, by way of mitigation of the damages sustained by the appellee, he, the appellant, said, that, on the 7th day of June, 1874, at said county and State, the appellant's minor son, William R. Porter, then living in appellant's family, was the owner of one hog, of the value of ten dollars; that said hog had been missing from appellant's farm, where the same had been, and said William R. Porter went to the appellee's farm to search for the same, and then and there found said hog on appellee's farm, and in his possession, concealed in an obscure place and in a tight pen, where no person could find it without much difficulty; that said William R. Porter turned said hog out of said pen, and it came home

to appellant's farm; that on said day, which was some five weeks after said hog was found, one John Choen, the appellee's son and then a member of appellee's family, instituted a suit to replevy said hog, and sent a constable with a writ of replevin to replevy said hog; that said constable came to the appellant, where he was at work in the harvest-field, and brought with him the appellee, said John Choen, some six or seven other men, also members of appellee's family, and two dogs, for the purpose of executing said writ; that the appellant, seeing and knowing all this, and believing the said hog belonged to his son, and not to the said John Choen, became and was greatly enraged at the appellee, and then and there, in the heat of passion and anger, uttered and spoke said words, and not otherwise. Wherefore the appellant said, that the said circumstances, under which the said words were spoken, should be taken in mitigation of damages. And,

4. The appellant admitted, that he spoke the words mentioned in the complaint, but said that they were not spoken within two years before the commencement of this suit.

The appellee replied, by a general denial, to each of the second, third and fourth paragraphs of the appellant's answer.

The issues joined were tried by a jury in the court below, and a verdict was returned for the appellee, assessing his damages in the sum of five hundred and twenty-five dollars. And the appellant's motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered by the court below on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1st. In overruling his demurrer to appellee's complaint;

2d. In overruling his motion to strike out parts of said complaint; and,

3d. In overruling his motion for a new trial.

The first of these alleged errors appellant's attorney has not even alluded to in his argument of this cause, in this court.    Therefore, we regard this first error as waived. *Breckenridge* v. *McAfee*, 54 Ind. 141, and *Graeter* v. *Williams*, 55 Ind. 461.

The second error assigned by the appellant calls in question the decision of the court below, in overruling his motion to strike out parts of appellee's complaint.

Ordinarily, the overruling of a motion to strike out part of a pleading, even though erroneous, is not an available error in this court, to procure the reversal of the judgment of the court below, and for this reason, that, if the ruling is erroneous, the part of the pleading to which the motion is addressed will be regarded in this court as mere surplusage, and therefore harmless.    *House* v. *McKinney*, 54 Ind. 240, and *Moore* v. *The State, ex rel., etc.*, 55 Ind. 360.

In this case, the appellant's motion was to strike out a part of the alleged slanderous words, upon the ground that the words designated were not actionable, but were mere surplusage.

As precisely the same questions are presented by the appellant's exceptions to the instructions of the court below to the jury trying the cause, we will consider those questions when they arise, under the third and last alleged error.

This error is the decision of the court below in overruling the appellant's motion for a new trial.    Many causes for such new trial were assigned by the appellant, in his motion therefor, consisting chiefly of alleged errors of law occurring at the trial and excepted to.    We think it unnecessary, and that it would be unprofitable for us, to set out or comment upon all of these errors of law, in this opinion.

The view which we shall take of this case will reverse the judgment of the court below, and perhaps lead to a new trial of this cause; but it is not very probable,

in our opinion, that the same questions will arise in the same form on such new trial, and, therefore, we need not now consider them.

The appellant has complained in this court of the instructions of the court below to the jury, in relation to the alleged slanderous words set out in the complaint.

On this subject the court instructed the jury as follows :

" Some of the words charged are actionable, and others are not. The words, ' Old Charley Choen is a G—d d——d cattle thief and hog thief, and I can prove it by all of his neighbors,' are actionable words.

" The words, ' He has always kept a set of G—d d——d thieves and liars about him to steal for him and swear for him,' are actionable words, so far as they charge him with keeping thieves about him to steal for him, and not actionable so far as they charge him with keeping liars about him to swear for him.

" The words, ' The whole G—d d——d Choen gang are thieves,' are also actionable words.

" The following words, alleged in the complaint to have been spoken, by the defendant, of the plaintiff, are not actionable : ' I have been keeping him in hog meat for twenty years.' ' They will swear a man to hell.' "

These instructions to the jury give a very fair construction of the alleged slanderous words charged in the complaint; and certainly it seems to us, that the appellant has no just cause to complain of any of said instructions. The words, of which the jury were told that they were not actionable, could not injure the appellant; and therefore we think that the refusal of the court below to strike out those words might well be termed a harmless error.

The seventh cause for a new trial assigned by the appellant, in his motion therefor, was as follows :

" 7. The plaintiff and his counsel were guilty of misconduct and irregularity, by which the defendant was prevented from having a fair trial, during the trial of said cause, in this, to wit : During the argument of this cause,

the plaintiff's counsel, in the presence of the jury, turned to the court and read from 'Davis' New Indiana Digest,' 2d volume, page 922, section 206, as follows: 'A new trial will not be granted in a case on the ground of excessive damages, unless the damages are so outrageous as to induce the belief that the jury acted from prejudice, partiality, or corruption. *Alexander* v. *Thomas,* 25 Ind. 268.' And then and there stated to the court, that the amount of damages recovered in said cause was $1,100; and, at the same time and place, in the presence and hearing of the jury, also read from the same book, on the same page, section 209, as follows: 'Cases in which the Supreme Court refused to set aside the verdict on the ground of excessive damages: *Clarkson* v. *McCarty,* 5 Blackf. 574, case of libel, $1,400; *Sanders* v. *Johnson,* 6 Blackf. 50, case of slander, charging perjury, $2,736; *McIntire* v. *Young,* 6 Blackf. 496, case of slander, charging want of chastity, $1,000; *Iseley* v. *Lovejoy,* 8 Blackf. 462, charge, larceny, $657; *Teagle* v. *Deboy,* 8 Blackf. 134, charge, larceny, $500;' · * * * to the reading of which the defendant objected at the time, but the court overruled the objection, to which the defendant at the time excepted."

It appears by a bill of exceptions, which is properly in the record, that, during the argument of the cause before the jury by the appellee's counsel, the authorities and quotations recited in said seventh cause for a new trial were "read to the court, in the hearing of the jury; to the reading of which the defendant at the time objected, because there was no question before the court, and because no question arose under the issues in the cause, on which said law, as set forth in said book, could throw any light; but the court overruled the defendant's objections, and allowed the same to be read to the court," to which ruling of the court the defendant, at the time, excepted.

The first two statutory causes for a new trial, as set forth in section 352 of the practice act, are as follows:

"*First.* Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial.

"*Second.* Misconduct of the jury or prevailing party." 2 R. S. 1876, pp. 179 and 180.

We have no brief of this cause from the appellee, in this court, and we confess that we are unable to conjecture any legal grounds upon which the action of the appellee, and the ruling of the court below thereon, complained of by the appellant in his seventh cause for a new trial, can possibly be defended. From our standpoint, the action of the appellee and the ruling of the court thereon were both erroneous, and are alike indefensible. Of course the appellee could not have proved as facts, upon the trial, the amounts of damages which had been assessed by other juries in other suits for slander; nor could he have proved, that, in those other suits, where heavy damages had been assessed, the Supreme Court of the State had refused to set aside the verdicts on the ground of excessive damages. Therefore, for the purpose, apparently, of getting these matters, these heavy damages in other verdicts, with the seeming approval of the amounts thereof by the highest court of the State, before the jury trying this cause, the appellee read, and, over the appellant's objections, the court below sanctioned the reading of, the authorities and quotations before set out, in the presence and hearing of the jury.

Comment on these proceedings of the appellee, it seems to us, is wholly unnecessary. It is clear that there was, in this case, such an irregularity, if nothing more, in the proceedings of the prevailing party, as manifestly prevented the appellant from having a fair trial.

For the reasons given, the court below erred, in our

opinion, in overruling the appellant's motion for a new trial of this cause.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial.

### ON PETITION FOR A REHEARING.

PERKINS, J.—The judgment of the court below, in this cause, was reversed, because that court allowed counsel, on its trial, to read from Davis' Digest the statements therein contained of the amounts found as damages by the juries, severally, in the cases mentioned therein, and that the court rendered judgments, severally, for said amounts.

It is claimed that this court mistook the law upon this point, and that a rehearing should be granted.

It is also claimed that there was no evidence before the Supreme Court, that the fact, made the ground of the reversal of the judgment, actually existed. It is said that there is no bill of exceptions in the record; that the bill copied into the transcript, though duly signed, does not show that it was ever filed.

Properly, this point should be first decided.

As matter of fact, a bill of exceptions was copied by the clerk into the transcript, and the transcript was duly certified by the clerk of the Cass Circuit Court, who made the copy thereof. Said transcript was submitted to the Supreme Court, without objection from either party, as the transcript upon which the cause was to be decided, and upon which, without objection, it was decided.

The objection that the bill was not properly in the transcript was thus waived. Further, it was decided by this court, in *Oliver* v. *Pate*, 43 Ind. 132, that, " Where sixty days were given within which to file a bill of exceptions, and the bill was signed by the judge within that time, and, though it was copied into the record, it did not ap-

pear by any statement in the body of the record that it was ever filed, but the certificate of the clerk of the court below, given within the sixty days, stated that the record was a full, true, and complete transcript of all the proceedings had in the case, as the same appeared of record, and of papers on file in his office," it sufficiently appeared that the bill was filed in time.

We proceed to the remaining question made in the petition for a rehearing, viz. : Whether this court was wrong, in deciding that the court below erred in permitting counsel for the plaintiff, over the objection of the defendant, to read in argument to the jury, from Davis' Digest, the amounts of verdicts in other slander suits.

The statements in Davis' Digest are simply the statements of the compiler of that digest. There was no proof that those statements were correct. Reading them from the Digest simply amounted to a statement to the jury by the counsel, that the compiler of the Digest informed him that verdicts, in such and such amounts, had been rendered in such and such slander suits.

The court below erred in permitting counsel to make these statements in his argument to the jury. *Tucker v. Henniker*, 41 N. H. 317, is in point. It is there said : " When counsel are permitted to state facts in argument, and to comment upon them, the usage of courts regulating trial is departed from, the laws of evidence are violated, and the full benefit of trial by jury is denied. It may be said, in answer to these views, that the statements of counsel are not evidence; that the court is bound so to instruct the jury, and that they are sworn to render their verdict only according to evidence. All this is true; yet the necessary effect is to bring the statements of counsel to bear upon the verdict with more or less force, according to circumstances; and if they in the slightest degree influence the finding, the law is violated, and the purity and impartiality of the trial tarnished and weakened. If not evidence, then manifestly the jury have

nothing to do with them, and the advocate has no right to make them. It is unreasonable to believe the jury will entirely disregard them. They may struggle to disregard them; they may think they have done so, and still be led involuntarily to shape their verdict under their influence. That influence will be greater or less, according to the character of the counsel, his skill and adroitness in argument, and the force and naturalness with which he is able to connect the facts he states with the evidence and circumstances of the case. To an extent not definable, yet to a dangerous extent, they unavoidably operate as evidence which must more or less influence the minds of the jury, not given under oath, without cross-examination, and irrespective of all those precautionary rules by which competency and pertinency are tested.      *      *      *

" With these views, the verdict rendered for the plaintiff must be set aside, and a new trial be granted," which was done.

This case is supported by *Berry* v. *The State*, 10 Ga. 511; *Mitchum* v. *The State*, 11 Ga. 615; *Bulloch* v. *Smith*, 15 Ga. 395; *Dickerson* v. *Burke*, 25 Ga. 225; *Wightman* v. *The City of Providence*, 1 Clifford, 524; *Rolfe* v. *Rumford*, 66 Me. 564.

Nor, had the counsel read from the volumes of reports of the State the amounts of said verdicts and judgments, would the case have been different, because they are not law.

It is a general rule of law, that the jury are the judges of the facts, and the court of the law; that the jury receive the facts from the witnesses, and the law from the court. But in some States it is the practice, even in civil cases, to allow counsel to read to the jury, on the trial, the law from books, in their argument to the jury. This practice can not be defended on principle.

In *The People* v. *Anderson*, 44 Cal. 65, it is said, that "the practice of allowing counsel      *      *      to read law to the jury, is objectionable, and ought not to be tolerated.

Its usual effect is to confuse rather than to enlighten the jury."

But the verdicts of juries are not law, except in a sense, for the parties in the particular cases in which they are rendered. See *Maple* v. *Beach*, 43 Ind. 51.

To illustrate : Take verdicts in cases of slander. On the trial of such a case, after the plaintiff had gone through with his evidence touching the speaking of the words, and the circumstances under which they were spoken, suppose he should offer, on the question of damages, to prove, as a guide to the jury in the case on trial, the amount that a jury in a slander case had given in some other county, or in the county of the trial, a year or two before, would he be allowed to make such proof? Did any one ever hear of a judge instructing a jury as to the amount of damages in such a case : " Gentlemen of the jury, as to the amount of damages which you should give in your verdict, I find in a reported slander case, that the jury returned a verdict for five thousand dollars, on which judgment was rendered by the *nisi prius* court, and the Supreme Court affirmed that judgment. This established the law as to the amount of damages in this class of cases, and your verdict should be for that sum'? "

Such an instruction would contravene the whole theory of trial by jury, which is, that the jury, in each case, find a verdict upon their own judgment, on the facts of the particular case. No two cases are precisely alike in their facts. All the matters that influence a jury in finding their verdict in a given case can not be presented on paper to another jury; hence the verdict of the former would tend to mislead the latter. The facts of all cases differ, and the verdicts in them differ.

The theory is, that the parties in each suit have the right to a true verdict, according to the law and the evidence in the particular case, of the jury in that case—of the jury of the vicinage—uninfluenced by the action of other juries in other cases. The question for the jury

in each case is concrete, not abstract. The court may be bound by the judgments of other courts of last resort, upon the law, but each jury is an independent body, whose duty it is to render a verdict upon the facts in the particular case, uninfluenced by the action of any other jury in any other case.

In all cases, counsel may discuss, upon the facts of the particular case, the amount of damages proper to be awarded. And, as punitive damages can be given only in cases where punishment in a criminal prosecution can not be inflicted, the question as to whether the particular case is one of that class may be discussed, and it will be the duty of the court to instruct upon this point; but the amount, if any, to be awarded as compensatory or punitive damages, or both aggregated, must be determined by the jury, on their own judgment, in the particular case.

In criminal cases, we may remark, in this State, the jury are made, by the constitution, the judges of the law and the facts, and the law may be read to them on the trial.

The petition for a rehearing is overruled.

Original opinion filed at November term, 1877.
Opinion on petition filed at May term, 1878.