## HILLIARD *v.* BEATTIE.

A verdict will not, ordinarily, be set aside on exception to the ruling of the court giving the right to open and close to either party, unless it appear that injustice has been done.

The court may limit the number of experts to be called as witnesses.

When the venue has been changed for the purpose of securing a fair trial, that purpose cannot be defeated by irrelevant statements and arguments of counsel addressed to the jury in relation to the change of venue.

TRESPASS, for assault and battery. Plea, *son assault demesne;* replication *de injuria,* on which issue was joined. The general issue was not pleaded. The defendant claimed the right to open and close; but the court ruled that although no plea of the general issue had been actually filed, it must be regarded as filed, the special plea not having been filed within the time prescribed by the rules of court, and, against the defendant's exception, gave the open and close to the plaintiff.

One King, a witness called by the plaintiff, among other things testified that within a day or two after the alleged assault he gave a written statement to one of the defendant's counsel. It was claimed that this testimony was not true, and, subject to the defendant's exception, the court allowed one Henry Hilliard to testify that he was present and saw the statement of King taken down by the counsel.

The court limited the number of experts to three on each side. The plaintiff called three witnesses as experts. He then called one Davis, a physician of twelve years' practice, and the court, without intending to change or modify its order relative to the number of expert witnesses, against the defendant's exception allowed the witness to describe the condition in which he found the plaintiff on examination, and that on such examination he felt with his hands the muscles of the plaintiff's legs and feet, and found those of the left leg softer than those of the right, and the left foot colder than the right. The defendant contended that the plaintiff's injuries were, to some extent, feigned; and as tending to show this, he called a witness to testify to statements of the plaintiff on a former trial, and, against the defendant's exception, the plaintiff was allowed to put in evidence all that he said on that occasion.

The defendant excepted to the exclusion of the testimony of one Childs, a physician, called as an expert, who had examined the plaintiff's pulse, and who took the rate of the pulse of several healthy men who were present when the plaintiff's pulse was taken, and who had been subjected to nearly the same conditions as to temperature as the plaintiff.

The action was originally commenced in the county of Coös, and on the defendants' motion the venue was changed to the eastern district of the county of Grafton. In opening the case to the jury, the plaintiff's counsel said the suit was brought in Coös county, nearly a hundred miles north, and after it had been pending there nine years, because it was said the defendant could not get a fair trial among his acquaintances, " I am not saying for what reason "—the defendant's counsel, interrupting, objected to these remarks. The plaintiff's counsel replied, " It is important to know why we are here," and complained of the increased expense of trial caused by the change of venue. In his argument the defendant's counsel made some observations in justification of the defendant's application for a change of venue to a county where a trial might be had before a jury and in a community uninfluenced by local excitement or prejudice. The plaintiff's counsel, in his closing address to the jury, argued that it was the defendant's assault that created a feeling against him in Coös county, where the public were familiar with the transaction, and that if a state of feeling existed in that county unfavorable to the defendant, it was simply because his case was of that kind that no civilized being could help being prejudiced against it. To this the defendant objected.

Further on in his argument the plaintiff's counsel said, "I submit that for putting us off, this delay, this dragging us into another county, we are entitled to compensation." To this the defendant objected. The court instructed the jury that the plaintiff was not entitled to damages for delay nor for the change of venue. Verdict for the plaintiff, and motion for a new trial.

*Ray, Drew & Jordan*, with whom were *Ladd* and *Blair & Burleigh*, to the point that the general issue not having been filed, and there being no issue except on the plea of *son assault demesne*, the defendant was entitled to the opening and close, cited *Dodge* v. *Morse*, 3 N. H. 232; *Seavy* v. *Dearborn*, 19 N. H. 351; *Belknap* v. *Wendell*, 21 N. H. 175, 181, 182; *Thurston* v. *Kennett*, 22 N. H. 151, 158, 159; *Chase* v. *Deming*, 42 N. H. 274; *Judge of Probate* v. *Stone*, 44 N. H. 593, 604; *Boardman* v. *Woodman*, 47 N. H. 120, 131, 132; *Hardy* v. *Merrill*, 56 N. H. 227; 1 Wat. Trespass, ss. 92, 243, 244; 1 Saund. Pl. and Ev. 103, 106; *Scott* v. *Hull*, 8 Conn. 303; *Davis* v. *Mason*, 4 Pick. 156, 159; *Jackson* v. *Heskett*, 2 Stark. 518; 1 Stark. Ev. 426; 1 Ch. Pl. 501; and, to the point that the statements in the opening and closing arguments of the plaintiffs were improper, *Tucker* v. *Henniker*, 41 N. H. 317.

*A. P. Carpenter, Bingham & Mitchell, Fletcher*, and *Heywoods*, for the plaintiff.

STANLEY, J. As a general rule, it is desirable, in determining who shall have the opening and close, to follow the rules of pleading, and give that right to the party upon whom, by those rules, the burden of proof is placed; but this rule is not without its exceptions, and a verdict is not ordinarily set aside for a ruling of the court giving the right to open and close to either party, and is not in any case unless it appears that injustice has been done. There being an absence of any evidence that injustice was done by the ruling on this point, this exception is not sustained. *Boardman* v. *Woodman*, 47 N. H. 120, 143; *Hardy* v. *Merrill*, 56 N. H. 227, 234; *Schoff* v. *Laithe*, 58 N. H. 503; *Day* v. *Woodworth*, 13 How. 363, 369.

It does not appear that Henry Hilliard's testimony was material, nor that it was prejudical to the defendant's case. *State* v. *Clark*, 23 N. H. 429, 434; *Winkley* v. *Foye*, 28 N. H. 518—*S. C.*, 33 N. H. 171; *Center* v. *Center*, 38 N. H. 318; *Winship* v. *Enfield*, 42 N. H. 197, 211; *Boyce* v. *Cheshire R. R.*, 42 N. H. 97.

The number of witnesses called as experts may be limited by a special order, which should not be so modified as to give either party an unfair advantage.

The admissibility of the plaintiff's testimony on a former trial, stands on the same ground as his statements on a former occasion. They are both admissible to contradict him, but in such cases it is

his right to have the whole statement relating to the same subject-matter, so that the connection may be seen and understood, and thus the jury be able to give the proper effect to the contradiction.

The testimony of Childs was upon a collateral question, and it was for the court to determine whether any evidence should be received on that question, and to what extent the inquiry should be carried.

The exceptions to the remarks of the plaintiff's counsel in the opening statement are sustained. The objectionable remarks in the opening were upon a point not in issue, upon which evidence was not admissible, and about which comments were improper, and they were of a character to prejudice the jury against the defendant. So with the remarks in the closing argument to which exception was taken. They were not warranted by the evidence, and were upon a point which was not in any aspect of the case material. Why the venue was changed, and whether for sufficient reasons or not, was not in issue, and the subject was wrongfully presented for the consideration of the jury. The defendant was entitled to a fair and impartial trial, and to the verdict of the jury upon evidence relevant and competent to prove the issues presented. It was the right of counsel in the closing argument to comment upon the evidence received on the trial, to criticise the character, conduct, appearance, motives, and testimony of the witnesses, so far as they had appeared and were relevant to the issue, and this field was broad enough. It is held to be the duty of the court to check any departure from the evidence, and to stop counsel when they introduce irrelevant matters or facts not supported by the evidence; and if objection is made it is error to permit it, and a new trial will be granted. Proffatt Jury Trial, *s.* 250.

The remarks objected to were calculated to withdraw the attention of the jury from the true issue, to excite in their minds a prejudice against the defendant which was not based on the evidence, and, if they had the slightest weight in the mind of a single juror, the defendant did not have that fair and impartial trial which was his right, and which it is the duty of courts to give. The verdict was not a true verdict, according to the law and the evidence given to the jury. *Tucker* v. *Henniker*, 41 N. H. 317; *State* v. *Foley*, 45 N. H. 466; *State* v. *Smith*, 75 N. Ca. 306; *Coble* v. *Coble*, 79 N. Ca. 589; *Ferguson* v. *The State*, 49 Ind. 33; *Hennies* v. *Vogel*, 66 Ill. 401; *Rolfe* v. *Rumford*, 66 Me. 564.

It is neither the duty nor the right of counsel to appeal to prejudices, just or unjust, against his adversary, outside the case he has to try. The fullest freedom of speech within the limits of the evidence should be accorded to counsel; but it is license, not freedom of speech, to travel outside the record, basing his argument on statements not supported by evidence, and appealing to prejudices which find no warrant in the case. *Brown* v. *Swineford*, 44 Wis. 282. The remarks to which exception was taken were of this

character. In his opening address to the jury, the plaintiff called their attention to the change of venue, and was arguing against the defendant upon the reason of his claiming that he could not have a fair trial among his acquaintances and neighbors, when he was interrupted by the defendant's objection. He then insisted upon the propriety of such an opening, and complained of the change of venue. If the wrong had stopped here, the verdict could not have been sustained. Enough was done in the opening to secure an unfair trial, and enough was afterwards done to accomplish the same result. By the plaintiff's opening, the defendant, in argument, was led into the natural mistake of justifying his application for a change of venue. The error of the defendant, in thus attempting to defend himself against the plaintiff's irrelevant and illegal attack, did not justify the repetition of that attack made in the plaintiff's closing argument. After the defendant had a second time objected to this course of proceeding, the plaintiff asked the jury to give him damages for the change of venue. This change, made for the purpose of giving the defendant a fair trial, was not only used to defeat that purpose, but was set up as a distinct ground of damages. The question is, whether the plaintiff can compel an abandonment of all effort to secure a fair trial.

In some cases there may be a just presumption of fact that the jury are not influenced by evidence or arguments which they are instructed to disregard. *Burnham* v. *Butler*, 58 N. H. 568; *Com.* v. *Cunningham*, 104 Mass. 545, 547. In this case, such presumption would relieve the plaintiff from the consequences of his wrongful claim of damages for the change of venue, but not from the consequences of his reiterated argument that the state of feeling in Coös, on account of which the venue was changed, showed that he was entitled to damages for the alleged assault. On this point, the defendant's repeated objections were not sustained at the trial, and the state of things which made the change of venue necessary was allowed to have unlimited effect in making it nugatory. The ability and persistence of the plaintiff's exertions in that direction leave no just ground for a presumption that they were unsuccessful. To sustain this verdict would be to hold that the change of venue was rightfully used to prevent the fair trial it was made to secure, and that a change of venue is always legal cause for turning justice aside by influences which the change is intended to avoid.

*Verdict set aside.*

BINGHAM and SMITH, JJ., did not sit: the others concurred.