## GEORGE *v.* FELLOWS.

A referee's report may be sustained notwithstanding statements of irrelevant facts made by counsel at the trial, when it clearly appears that the report is according to the evidence and that no injustice has been done.

On the question whether a horse is exempt from attachment, evidence as to the situation, circumstances, employment, and needs of the debtor and his family is competent.

TROVER, for a horse. Plea, that the defendant attached it on *mesne* process against the plaintiff; replication, that it was required

for farming or teaming purposes, or other actual use. Reported 59 N. H. 206. The issue was tried by a referee, who found for the defendant, and reported the following exceptions taken on the trial before him. At the hearing the defendant's counsel stated that the case had been once tried, and there was a verdict for the defendant, but it had been set aside. This statement was objected to by the plaintiff, and an exception taken. The horse was attached Feb. 27, 1878. The plaintiff was at that time superintendent of the Grafton county farm. As bearing on the question whether the horse was exempt from attachment, the defendant, subject to the plaintiff's exception, was allowed to show by one Pattee and one Smith, who were county commissioners while the plaintiff was superintendent, that no restrictions were put on the plaintiff in regard to using the county horses for his own business; that the plaintiff did not keep a horse there at the request of the commissioners; that the plaintiff had no occasion, so far as they knew, to keep a horse for his own use, and that three horses were sufficient to do the farm work. It appeared without objection that three horses were kept there by the county. Subject to the plaintiff's exception, the defendant was allowed to state what directions he gave in regard to feeding the horse after the attachment. This evidence was received to rebut the plaintiff's claim that the horse was improperly kept, and was depreciated in value after it was attached.

*S. B. Page* and *Bingham, Mitchell & Batchellor,* for the plaintiff.

*G. F. Putnam,* for the defendant.

STANLEY, J. The statement of the defendant's counsel that there had been a trial and a verdict for the defendant, was irregular and improper. *Hilliard* v. *Beattie,* 59 N. H. 462, 465, and authorities there cited. But whether it would invalidate the report if it did not appear that no injustice was done, is a question not necessary to be considered. A report in favor of the plaintiff would not have been according to the proof. The evidence upon which the referee found that the horse was not required for the plaintiff's use satisfactorily establishes that fact, and shows that no wrong is done by the report, and that justice requires a judgment for the defendant. *Adams* v. *Bushey, ante* 290.

The issue tried was whether the horse was required by the plaintiff for actual use, and this was to be determined upon evidence; and on this question the situation and circumstances of the plaintiff and his family, their employment and needs in this respect, were material. Pattee and Smith had knowledge of these facts, and their testimony in regard to them was properly admitted.

The finding of the referee for the defendant renders the exception to the admission of the testimony as to the manner in which

the horse was kept immaterial.   This evidence related to the question of value and damages.

*Judgment on the report.*

SMITH, J., did not sit: the others concurred.