Rockingham,
Oct. 1, 1929.

STATE *v.* GEORGE LAJOIE, *alias* GEORGE HILL.

148

*Stewart Everett Rowe,* solicitor (by brief and orally), for the state.

*John S. Hurley,* for the defendant.

BRANCH, J. Only two exceptions have been argued by the defendant, both of which relate to the argument of counsel for the state. Defendant's other exceptions are understood to have been waived and, therefore, have not been considered.

1. A witness called by the defendant, when asked upon cross-examination whether he owed money to one of the state's witnesses, replied, "That is none of your business," and the court then said, "That may be excluded." The defendant now contends that his exception to the allowance of the solicitor's comments upon the above answer should be sustained because "his argument was based on matter excluded by the Court and not part of the case."

Counsel seem to assume that the ruling of the court embodied in

the words "that may be excluded" applied specifically to the answer of the witness as distinct from the question which preceded it, and was equivalent to an order that the answer be stricken from the record because it was, for some reason, inadmissible. This interpretation of the ruling can hardly be adopted. If the question which preceded it had been a proper one, there is no apparent reason why the answer, which was, in effect, a refusal to answer, should have been excluded. It seems much more probable that by this ruling the court intended to decide that the subject-matter of both question and answer, that is the financial relationship between the witness and Mr. Willey, was inadmissible because immaterial. It is unnecessary, however, to pass upon the question of the precise scope and effect of the court's action, for in any event, it was nothing more than an exclusionary ruling upon testimony, and its only effect was to forbid a testimonial use of the witness' answer.

Clearly it would have been a violation of the law of the trial to ask the jury to base a finding of fact upon a testimonial assertion which had been excluded by the court and it would have been error to permit such an argument to stand (*Palmer* v. *Dimick*, 77 N. H. 565, 567; *Batchelder* v. *Railway*, 72 N. H. 329 and cases cited); but this is not a case of that kind. In the argument set forth above, counsel was calling the attention of the jury not to a piece of testimony, but to an incident of the trial. He did not ask the jury to draw from the answer any conclusion of fact in regard to the financial relationship between the two persons referred to in the question. His comments were directed rather to the fact that the witness made an offensive answer in a contemptuous manner. His argument was that all of the witness' testimony was discredited by his behavior in the presence of the jury. In other words, the solicitor was discussing the conduct of the witness upon the stand, his appearance and manner of testifying, all of which are recognized in this state as legitimate subjects for comment. *Story* v. *Railroad*, 70 N. H. 364, 375; *Preston* v. *Cutter*, 64 N. H. 461, 469; *Hilliard* v. *Beattie*, 59 N. H. 462, 465.

2. In support of his second exception to the argument of the solicitor the defendant contends that "no testimony was given that officers were hunting for Lajoie when he went to Epping to get a signed receipt from Willette. . . . It was testimony on the part of Mr. Rowe, improperly made and highly prejudicial." An examination of the record shows that the solicitor's argument was fully supported by the evidence. Willette testified that upon the night

when the defendant was arrested he came to the witness' house and tried to get him (Willette) to sign a "note," by which the witness clearly meant a receipt or bill of sale; and a deputy sheriff testified that he went to Manchester in search of the defendant just before he was taken into custody in Epping.

*Exceptions overruled.*

All concurred.