## FERGUSON v. THE STATE.

CRIMINAL LAW.—*Practice.*—*Argument to Jury.*—On the trial of an indictment for murder, it is error for counsel for the State, in argument to the jury, to comment on the frequent occurrence of murder in the community and the formation of vigilance committees and mobs, and to state that the same are caused by laxity in the administration of the law, and that they should make an example of the defendant, and for the court, upon objection by the defendant to such language, to remark to the jury that such matters are proper to be commented upon.

SAME.—*Instruction.*—*Murder.*—*Homicide upon Provocation.*—On the trial of a defendant on an indictment for murder in the first degree, it was error to instruct the jury, that "to reduce a homicide upon provocation, it is essential that the fatal blow shall have been given immediately upon the provocation given; for if there be time sufficient for the passion to subside, and the person provoked kill the other, this will be murder, and not manslaughter."

From the Jefferson Circuit Court.

*W. T. Friedley, J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PETTIT, J.—The appellant was indicted for murder in the first degree, for killing John Stillhammer, and was convicted of murder in the second degree, and sentenced to the penitentiary for life. A bill of exceptions shows the following facts, which were also assigned as a cause for a new trial:

"And during the progress of the argument of counsel, counsel for the State commented on the frequent occurrence of murder in the community, and the formation of vigilance committees and mobs, and that the same was " (caused by) " the laxity of the administration of the laws, and stating to the jury that they should make an example of the defendant. And the defendant, by his counsel, asked the court to restrain the counsel, and objected to said comments, because there was no evidence of such matters before the jury; but the court overruled said motion, and remarked in the hearing and presence of the jury, that such matters were proper to be commented

upon, to which defendant at the proper time excepted, and still excepts."

The comments and arguments of counsel and the remarks of the court during a trial may be within the discretion of the judge presiding, but it is a judicial discretion, and if improperly used to the injury of either party, it may and ought to be revised and controlled by this court. If it was proper to present these things to and comment on them before the jury, it was proper for the jury to consider them in making up their verdict. These things were outside of the record and the evidence, and were calculated to prejudice the rights of the defendant. It was tantamount to saying to the jury, murders have been committed, vigilance committees formed, and mobs assembled in this county, and you may take these matters into consideration in making your verdict; and as you have got a chance now, you may make an example of defendant. The jury may have come to a different conclusion from what they would, if the court had quietly rebuked the counsel, and told him to keep his argument within the facts and evidence in the case. The action of the court was an error, for which, if for no other cause, the judgment must be reversed. The court gave the following instruction to the jury:

" To reduce a homicide upon provocation, it is essential that the fatal blow shall have been given immediately upon the provocation given ; for if there be time sufficient for the passion to subside, and the person provoked kill the other, this will be murder, and not manslaughter."

No authority is cited, and we think none can be found to sustain this instruction, except Bicknell's Criminal Practice in this State, 280, and the authority he cites does not sustain him. The authorities, elemental and decided, are against the validity of this instruction.

Zell's Encyclopedia : " Immediately. Without the intervention of any other cause or event. At the present time, on the moment ; directly ; quickly ; at once ; *instanter*."

Burrill's Law Dict. : " Immediate. In old English law, immediately ; directly ; without anything intermediate."

When a great wrong or injury has been done to or inflicted on a man which has excited his passion, he is not required to punish or resent it at once, but may have such time as is necessary for his passion to cool off; and his physical and mental organization should be taken into consideration in such a case.

All elemental authority and adjudicated cases agree that in such case time must be given for the passion of the injured person to become calm; and many authorities say that the question ought to be submitted to the jury as to whether the passion of the injured person had been actually quieted. We cite, without quoting, the following authorities: *Ex Parte Moore,* 30 Ind. 197; 1 Hale P. C. 453; *The State* v. *Hildreth,* 9 Ire. 429; *The State* v. *Yarbrough,* 1 Hawks, 78; *Commonwealth* v. *Webster,* 5 Cush. 295; *The People* v. *Johnson,* 1 Parker C. C. 291; Foster's Crown Cases, 290.

The instruction given was erroneous, and the case must be reversed for this as well as for a former noticed error.

The judgment is reversed; and the clerk is directed to issue the proper notice for the return of the prisoner.