Allaire v. Allaire.

ALLAIRE'S HEIRS, PLAINTIFFS IN ERROR, v. CALICIA A. T. ALLAIRE, DEFENDANT IN ERROR.

1. It is error in the judge, at the trial, to permit counsel, in his summing up, to read to the jury the remarks of the court in the opinion read at bar, on a motion for a new trial in the same case, touching the weight of evidence or the credibility of the witnesses.

2. But an objection, at the trial, to the reading of such opinion, is too broad, as such opinion, with respect to the law stated in it, could be lawfully read to the jury. It must appear, to render the exception available, in the bill of exceptions, that the attention of the judge was drawn to the point by the objection being confined to that portion of the reading which was deemed illegal.

3. The law, as stated in case of *Allaire* v. *Allaire*, 8 *Vroom* 312, affirmed.

On error to the Supreme Court.

For the plaintiff in error, *Wm. H. Vredenburgh* and *Charles C. Bonney*, of Chicago.

For the defendant in error, *Cortlandt Parker*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an action of ejectment brought by heirs-at-law against a devisee. The sole fact in controversy was, whether the will had been executed with statutory formality. The case was twice tried in the county of Monmouth, the first verdict being set aside by the Supreme Court. On the motion for a new trial, the justice of the Supreme Court who prepared the opinion, after disposing of various questions of law, proceeded to consider the case upon its merits, and in discussing the evidence, expressed decided views with respect to certain parts of the testimony. One circumstance of evidence, which was much relied on by the plaintiffs, who are the heirs-at-law, was, an alleged interpolation into the attestation clause of the will. On this subject the opinion stated a decided conviction that there had been no

tampering with the instrument, saying : " A close and careful examination of the attesting clause leaves no doubt in my mind that the clause was then completed as it now stands." Also, it was declared that the explanation which a witness for the defence gave, of certain inconsistencies in her testimony, was quite natural and not unreasonable.

It is now urged, as a ground for reversal in this court, that on the second trial of this cause, this opinion of the Supreme Court, on the law as well as the facts, was permitted to be read to the jury by the counsel of the defendant, as a part of his argument in the opening and summing up of the case. The point is presented on an exception taken at the time.

This course thus alleged to have been taken at the trial, is now attempted to be justified, it being insisted that it is in accordance with the ordinary tenor of practice. But this is a mistake. The customary mode has been to suppress all reference to the former trial, with regard both to the action of the jury and the court, except as to the decision of points of law. As to matters of law embraced in an opinion given on a motion for a new trial, the opinion can be referred to and used in the same way and for the same purposes as judicial decisions contained in the books of reports can be. Plainly, counsel, in his address to the jury, can, for the purpose of presenting his views of the law of his case, call to his aid and quote the language delivered from the bench. The reports are the repositories of the law, and can be put to use as such; but they are not the repositories of the opinions of judges on matters of fact. With regard to questions of law, they are precedents; as they touch questions of fact, they have no such capacity. A discussion and valuation of the facts of the case by the court is, on a rule to show cause, legitimate but for the single purpose of deciding the pending motion; at that point, the efficacy of the opinion thus formed is at an end. To read it in the same case, to a subsequent jury, is to use it as evidence. On this occasion, if read, it stood before the jury as a certificate from four justices of the Supreme Court, that upon a careful examination, the attestation clause in this will, in their

judgment, had not been altered. Such an expression of views, coming from persons qualified by long training for the solution of questions of such a character, was well calculated to produce a bias in the minds of an intelligent jury. The wiser we grow the more we are influenced by the opinions of others, when such opinions have been formed under conditions favorable to the ascertainment of truth; and I think we must conclude that the opinion of an impartial court, on matters of fact, if permitted to be produced to a jury, would have a very considerable effect. Such opinion, with respect to its nature and effect, would seem to be possessed of much of the efficacy of an opinion of an expert. If admitted, its probative force is not to be distinguished from that of the judgment of a person skilled in handwriting, who testifies as to the genuineness of a signature. That the judicial opinion is entitled to have such effect, is not contended; and yet, that it would have at least a tendency to produce such effect, seems to me undeniable. It would be either useless or it would perform the office of proof. In my judgment, it would be clearly an error to admit such an opinion for the consideration of a jury.

I have examined the books upon this subject, and I do not discover either decision or *dictum* that lends any countenance to the practice in this respect contended for by the defendants in error. There are but few cases which touch upon the point, and those few are opposed to the suggested use of the judicial opinion. "Where the trial of a cause," says the court, in *Crawford* v. *Morris, 5 Gratt.* 90, "is had before a jury, and they cannot agree upon a verdict, or do agree upon a verdict, which is set aside by the court, and a new trial awarded, the proceedings upon the former trial are *functus officio*, and improper for the consideration of the jury upon the new trial. Any opinion expressed by the former jury or by the court upon the former trial, is wholly irrelevant matter, and can tend only to mislead and confuse the jury."

The following cases establish the proposition that if counsel, in addressing the jury, is allowed by the court to cite or refer to anything that is not evidence in the cause, such irregu-

larity is a ground of error.   Nor has any case come under my observation which holds a contrary doctrine : *Hoxie* v. *Home Ins. Co.*, 33 *Conn.* 471 ; *Butler et al.* v. *Slam and wife*, 50 *Penn.* 456 ; *Martin* v. *Orndorf*, 22 *Iowa* 504 ; *Melvin* v. *Easley*, 1 *Jones* (*N. Car.*) 386.

If, in point of fact, then, this opinion of the Supreme Court on these matters, was read before the jury on the last trial of this cause, and such fact had been legally certified to this court, I should have been of opinion that this judgment was reversable, on account of this error.   But upon carefully looking into this record, it does not seem to me that the plaintiff in error is in a position to take advantage of this alleged lapse of his adversary.   His exception is not in proper form ; it was too broad and embraced too much.   The bill states that the counsel of the defendant, in his address to the jury, commenced reading the opinion of the Supreme Court, delivered on the granting of the new trial, and that thereupon the counsel of the plaintiffs objected to the reading thereof.   It is obvious this objection covered too much.   The counsel of the defendant had a right to read that part of the opinion that related to the adjudication of the law ; it was, consequently, irregular to object to the opinion *in toto*.   The rule is well established that a general objection cannot prevail to evidence which is good in part.   This is not merely a technical rule, but one founded in a just policy, as its purpose is to require the counsel objecting to call the attention of the court to the particular infirmity of the evidence which is proffered.   It is impossible for the most experienced and sagacious judge to take in at a glance the possible relevancies and objections to evidence in its various aspects, and hence the duty imposed on counsel to point his exception to its specific object.   The principle in question required the objection in this case to be confined to that part of this opinion that treated of matters of fact ; by doing so, it is probable that the justice who presided at the trial, having his attention particularly directed to the subject, would have excluded so much of the opinion as is objectionable.   This was not done, and hence the objection was not well

interposed. The rule that an objection to testimony, or to any matter in the progress of a cause, must not comprehend that which is legal, has been so often enforced that it is unnecessary to refer to authorities, either to prove its prevalence or the stringency with which it is applied. Its *rationale* is succinctly explained by Chief Justice Hornblower, in the case of *Ludlam* v. *Broderick*, 3 *Green* 269.

This ground of exception must be overruled. The foregoing was the only question raised in this case, on the argument in this court, which appeared to me to be of any legal weight. The principal legal rules applicable to the issue, were properly settled in the Supreme Court on the motion for a new trial; and the rules so settled should, I think, be affirmed by this court. The other subjects discussed here were, in my judgment, so completely matters of fact that they are not entitled to any consideration under this writ, which brings here only errors in law apparent upon the record.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, VAN SYCKEL, CLEMENT, LATHROP, LILLY, WALES. 9.

*For reversal*—DALRIMPLE, KNAPP, WOODHULL, DODD. 4.