[No. 6,381.]
## DONELLY ET AL. *v.* CURRAN.

EVIDENCE.—The giving of irrelevant evidence by one party does not entitle the other to go into evidence in reply to it.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco.   DAINGERFIELD, J.

The facts are stated in the opinion.

*Mich. Mullany*, for Appellant.

*Wm. Matthews*, for Respondent.

Department No. 1, Ross, J. :

This is an action for the recovery of a certain roan horse, which was stolen from the plaintiffs.

The defendant claimed to have purchased the horse here in controversy from one Charles Jones, and denied that the horse so purchased by him was the plaintiffs' horse.   At the trial, the defendant gave some testimony, without objection on the part of the plaintiffs, to the effect that Chas. Jones was a man of good character.   The plaintiffs, in rebuttal, offered " the record with a plea of ' guilty ' to an indictment of Charles Jones, *alias* George Jones, in the Municipal Criminal Court of San Francisco, for stealing a horse from one Wm. McMaster on the 9th of June, 1876, and which record also shows that he had been previously convicted of petit and grand larceny.   ' I offer it,' (said plaintiffs' counsel) ' for the purpose of contradicting Mr. Curran's statement that this was a man of good character. ' " The offer was objected to by counsel for defendant, on the ground, among others, that the character of Charles Jones was not in issue in the case, and that the offered evidence was irrelevant.   The Court ruled as follows : " The record is admitted in evidence for the purpose of rebutting the good character of Charles Jones, leaving the jury to determine the identity of the individual."

To this ruling the defendant excepted, and assigns it as error entitling him to a new trial.

That the character of Jones was not an issue in this case does not admit of question. The only question is, whether the giving of irrelevant testimony upon that subject by the defendant entitled the plaintiffs to go into evidence in reply to it. The affirmative of this proposition was held in *Grafton Bank* v. *Woodward*, 5 N. H. Rep. 301, and in *Furbush* v. *Goodweed*, 5 Foster, (N. H.) 449; but in the note to § 469*a*, 1 Greenleaf on Ev., it is said the rule is, in general, the other way. And we agree with the Court in *Walkup* v. *Pratt*, 5 Har. & J. 56, where they say: "The offering improper evidence by one of the litigant parties never can justify the introduction of similar evidence by the other party; such doctrine would lead to endless confusion, and destroy all the established rules of evidence." (See also, *Mitchell* v. *Sellman*, 5 Md. 385.)

Because of the error committed in the particular mentioned, the judgment and order must be reversed, and the cause remanded for a new trial. So ordered.

MORRISON, C. J., and McKEE, J., concurred.