[No. 10,746.—In Bank.]

December 20, 1882.

## THE PEOPLE v. MARTIN MITCHELL.

TRIAL—STATEMENT OF EVIDENCE BY COUNSEL—IRREGULARITY.—In his closing argument to the jury the District Attorney was permitted by the Court, notwithstanding the objection and exception of defendant, to aver, and argue from, the existence of facts as to which no evidence had been offered or introduced.

*Held:* For counsel to state facts not proven or sought to be proven is, in effect, to place unsworn evidence before the jury, and when improper evidence is admitted without objection on one side, this will not authorize improper evidence on the other. It is error sufficient to reverse a judgment for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume, *arguendo,* such facts to be in the case when they are not.

ID.—ID.—ID.—CASE DISTINGUISHED.—*People* v. *Barnhart,* 59 Cal. 381, has no bearing upon the question now involved.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Butte. HUNDLEY, J.

*Reardon & Freer* and *F. C. Lusk,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

McKINSTRY, J.:

In his closing argument to the jury the District Attorney was permitted by the Court—notwithstanding the objection and exception of defendant—to aver, and argue from, the existence of facts as to which no evidence had been offered or introduced.

The impropriety of the statements, and apparently their materiality, were conceded by the District Attorney and by the Court, but the Court held that the District Attorney was justified in departing from the testimony, because counsel for defendant had done the same thing. If the record showed (which it does not) that such statements had been made by counsel for defendant, the fact would not cure the error of the Court. The District Attorney might have objected to such statements on the part of defendant's counsel when they were made, or have asked the Court specifically to charge the

jury that they were to be disregarded. But to say that because an impropriety on the one side has passed unrebuked, it ceases to be an impropriety when committed on the other, would lead to confusion worse confounded. The jury would have the allegations of fact of the respective counsel pitted against each other, and the fate of a defendant would, perhaps, be determined, not by the evidence in the case, but by the degree of confidence which the jury might repose in the honesty or intelligence—or both combined—of one or the other of the counsel. For counsel to state a fact not proven or sought to be proven, is, in effect, to place unsworn evidence before the jury; and when improper evidence is admitted without objection on the one side, this will not authorize improper evidence on the other. (*Donelly* v. *Curran*, 54 Cal. 282.) Only sworn testimony can go to the jury. (*People* v. *Wheeler*, 9 Pac. C. L. J. 581, and cases there cited; 41 N. H. 317; 66 Me. 564; 67 N. Y. 638; 22 Iowa, 504; 49 Ind. 33, 124; 51 id. 507; 15 Ga. 633; 25 id. 225; 33 Conn. 471; 75 N. C. 306.)

In *Brown* v. *Swineford*, 44 Wis. 291, Ryan, C. J., said: "It sufficiently appears in the present case that the learned counsel for plaintiff did not properly confine his closing argument to a reply. * * * The learned counsel went beyond the legitimate scope of all argument, by stating and commenting on facts not in evidence." "Enough appears to show, not only that the learned counsel commented on facts not in evidence, but in effect testified to facts himself." * * * " The appellant took his exception, and his counsel now supports it by numerous cases, some of which are—so far as they go—admirable discussions of professional ethics," etc. "All of them support the rule now adopted by this Court, that it is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue, and not in evidence, or to assume *arguendo* such facts to be in the case when they are not. Some of the cases go further, and reverse judgments for imputation by counsel of facts not pertinent to the issue, but calculated to prejudice the case. (*Tucker* v. *Henniker*, 41 N. H. 317; *State* v. *Smith*, 75 N. C. 306; *Ferguson* v. *State*, 49 Ind. 33; *Hennies* v. *Vogel*, Sup. Ct. Ill. 7 Cent. L. J. 18." " Doubtless the Circuit Court can, as it did in

this case " (but as the Superior Court in the case, the record of which is now before us, *did not*), " charge the jury to disregard all statements of fact not in evidence. But it is not so certain a jury will do so," etc. There are cases in other States, it is said, in conflict with the rule above laid down. But the rule is supported by principle; in this State by precedent, and, as we believe, by the great weight of authority everywhere. *People* v. *Barnhart*, 59 Cal. 381, has no direct bearing upon the question we have been considering. In that case there was a dispute between counsel as to the exact testimony of a witness. When such a dispute arises, if the presiding Judge is not prepared from his memory or notes to settle it— but is convinced that testimony was given with respect to the point as to which the dispute has arisen—he may submit the matter to the recollection of the jury. But, in the case now before us, there was no pretense in the Court below that there was any evidence tending to prove the matters asserted to be facts by the District Attorney.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., and ROSS, SHARPSTEIN, and MYRICK, JJ., concurred.