## Henry Harms et al.

### v.

## William G. McCormick et al.

*Landlord and Tenant—Action to Recover Rent—Parties—Surrender— Statute of Frauds—Variance—Practice.*

1. It *seems* that an action lies by all the lessors on a lease by indenture executed by one of them " for himself and as agent " of the others.

2. The rule that where one person makes an agreement with another for the benefit of a third person such third person may maintain an action thereon in his own name, extends to cases wherein the undertaking is under seal.

3. The surrender of a lease is not required to be in writing.

4. This court will not reverse for an error which has worked no injury to the appellant.

[Opinion filed January 16, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Mr. Millard F. Riggle, for appellants.

Mr. S. P. McConnell, for appellees.

As a seal is not necessary to the validity of the lease, no question can arise as to whether it is properly sealed or not. A leasing such as in this case is a mere act *in pais*, its validity not even demanding that the agreement should be in writing. When an instrument would be valid without a seal, it is to be treated, though in fact under seal, as mere evidence of a simple contract. Stowell v. Eldrid, 39 Wis. 614; Evans v. Wells, 22 Wend. 341; New E. Marine Ins. Co. v. De Wolf, 8 Pick. 56.

This action is neither upon a covenant nor is it the form of action known as covenant. Therefore, certain technical objections, applying either to the matter of the suit or the particular form of the action, do not apply.

Chancellor Walworth, in deciding one of these cases, says: "But the point presented for our consideration upon this writ of error is a dry question of law, whether the agreement set out in the declaration was executed in such a manner as to authorize the plaintiff to recover thereon against the defendants in this form of action (covenant) as upon an agreement under seal." Townsend v. Hubbard, 4 Hill, 358.

There is no question involved as to McCormick's authority to make the lease for himself and his co-tenants. There is no question as to his intention to act for and bind them. He distinctly declares that he is making the lease for himself and as agent for the others. This was sufficient. Evans v. Wells, 22 Wend. 324; New England Marine Ins. Co. v. De Wolf, 8 Pick. 56.

GARY, J. In its departure from all technicalities of proceeding, this is a very singular case, and the judgment is one that a few years ago no court sitting for the correction of errors, and acting under the common law, could have affirmed. And yet the real issue between the parties, and the merits of the appellants' defense, have been as clearly presented and as fairly tried as they could have been under the most approved forms.

*First*, the action is for rent claimed to be due from appellants to appellees upon a lease by indenture between William G. McCormick "for himself and as agent" of the other appellees, executed only by him and the appellants, so that the other appellees are no parties to the instrument which is at the foundation of the action.

*Second*, the form of the declaration is a count in assumpsit, modeled from a count in a debt on a demise.

Debt on a demise was at common law the single instance in which, where a specialty was the foundation of the action, it need not be declared upon. 1 Ch. Pl. 364; Atty v. Parish, 1 New R. (B. & P.) 104.

Harms v. McCormick.

And this upon some fanciful reason that rent, issuing out of the realty, was a debt of as high a nature as a specialty claim; and for that reason assumpsit could not be supported, unless an express promise to pay could be proved. 1 Ch. Pl. 105. And then it was necessary expressly to state in the count, not only the consideration for, but also the promise itself.    1 Ch. Pl. 292, 301.

To "obviate some difficulties" the statute of 11 Geo. 2 was passed, giving the action for use and occupation, where the agreement is not by deed, but the statute of this State, so far as relates to the present case, only gives that action where there is no "special agreement for the rent." But the declaration is not in form a count for use and occupation, and the question whether a count for use and occupation may be adopted where there is a special agreement, does not arise.

Whether all the appellees may join in recovering the rent that belongs to all of them, but which appellants have covenanted to pay to one of them only, is an important question.

By Sec. 19, Ch. 110, "Practice," Stat. 1872, every instrument under seal, except penal bonds, may be sued and declared upon as if it were unsealed.    Adam v. Arnold, 86 Ill. 185; and in Dean v. Walker, 107 Ill. 540, though the question did not there arise, it is assumed that the rule that where one person, for a valuable consideration, makes a promise to another for the benefit of a third person, such third person may maintain an action upon it, is by the statute extended to cases where the undertaking is under seal, and that, therefore, the case of Moore v. House, 64 Ill. 162, is no longer law in this State.

Then, if the effect of the statute is, so far as relates to the form of the action and who may have the benefit of the appellants' covenants, to take the seals off the lease, the rule stated in Story on Agency, Sec. 160, applies, that whether the agent describes himself as agent or not, or whether the principal be known or unknown, the agent may sue and be sued, and the principal may sue and be sued, on contracts made by the agent in his own name.    No case is found in which the agent was a principal as to part, and an agent as to the residue of the subject-matter of the contract, but the principle is, and

the rule should be the same, if the defective or irregular execution extends only to part, as if extended to the whole of the contract. In Kerfoot v. Cromwell, 115 Ill. 502, several land owners acting through a committee, one of the principals put the name of one of the committee to a contract, and was held thereby to bind himself.

If McCormick had been altogether an agent without interest, and had omitted the words "for himself and," the case of Nicoll v. Burke, 78 N. Y. 580, is authority for the right of the other appellees to recover; and see Avery v. Dougherty, 102 Ind. 443, to the same effect.

The defense on the facts was an alleged surrender. Whether there had been an agreement for a surrender or not, the jury were to decide upon parol evidence. There is no statute of frauds in this State requiring surrenders to be in writing. It was for the jury to determine, upon the conflicting testimony, what was the fact, and that is an end of the controversy.

No objections were made in the Circuit Court to the form of the declaration, but the lease was objected to as void (upon which point enough has been said), and as variant from the declaration. If the lease was, by construction, from all the appellees, there was no variance, as the declaration was on a demise from all. It should have been on the lease, but the want of art may be overlooked. Read v. Walker, 52 Ill. 333.

If, indeed, the appellants could sustain their position that the lease is void, so that neither the appellee jointly nor McCormick alone could sue upon it, they would have reason to complain of the judgment; but that position not being sustained, it is immaterial to them whether the action is in the name of four or one, as the defense and the recovery are exactly the same, and if there is any error they are not harmed by it.

*Judgment affirmed.*