Argued May 2, modified June 6, 1916.

# McDANIELS v. HARRINGTON.*

(157 Pac. 1068.)

**Witnesses—Examination—Refreshing Memory—Memoranda.**

1. Plaintiff, who sued for work and labor performed and goods furnished, should have been permitted to refresh his memory as to the value thereof by reference to memoranda on which totals of the amounts were entered by his wife at his direction at the time itemized statements were rendered defendant, under Section 859, L. O. L., providing that a witness may refresh his memory by anything written by himself or at his direction at the time when the fact occurred, or immediately thereafter, or when the fact was fresh in his memory and he knew the writing to be correct, and that the writing be produced for inspection and cross-examination.

**Appeal and Error—Scope of Review—Harmless Error.**

2. Where the court admitted such memoranda as original evidence instead of for the purpose of refreshing witness' memory, such admission was technical error without prejudice to defendant, where plaintiff was cross-examined as to them and they accomplished only the purpose of refreshing his memory.

**Frauds, Statute of—What Contracts must be Written—Leaseholds—Less Than Year.**

3. Under the statute of frauds (Section 808, subd. 6, L. O. L.), making void unless in writing leaseholds in realty for periods longer than one year, relinquishment of leaseholds for the period of one year need not be in writing.

**Frauds, Statute of—What Contracts must be Written—Executed Contract.**

4. Where a contract to relinquish a leasehold for the period of one year, though not in writing, was wholly executed, defendant could not rely on the statute of frauds to defeat payment he agreed to make for the relinquishment; the statute seldom being applied to executed contracts.

**Contracts—Impossibility of Performance—Liability.**

5. Where defendant employed plaintiff to do certain work for a stipulated sum, and, when the work was partially done, sold the land on which it was to be performed and rendered it impossible to complete the contract, he was liable for the reasonable value of the work already done.

**Work and Labor—Compensation—Reasonable Value—Burden of Proof.**

6. In such case, where plaintiff elected to sue for such reasonable value, the burden was on him to introduce testimony tending to show what the reasonable value was.

---

*On the right for purpose of cross-examination to inspect paper used by witness to refresh memory, see note in 22 L. R. A. (N. S.) 706.

REPORTER.

**Appeal and Error—Scope of Review—Modification of Verdict.**

7. Under amended Constitution, Article VII, Section 3, providing what judgments may be rendered on appeal, and authorizing retrial on appeal under certain circumstances according to the rules of equity and rendition of the judgment which should have been rendered below, where recovery was had at a stipulated sum without reference or proof as to its reasonable value for work and labor performed when it should have been the reasonable value, and defendant claims an agreement to pay a lump sum for the work performed, the recovery will be reduced to the amount of the claimed agreement, the case being small, all the evidence being before the court.

**Trial—Instructions—Details of Accounts.**

8. It is not necessary for the court to instruct that certain items of a long account were admitted, where it would require perusal of the testimony to verify the instruction, the jury being presumed to be as capable of remembering and understanding the testimony as the judge.

From Union: John W. Knowles, Judge.

In Banc.   Statement by Mr. Justice McBride.

This is an action by Joseph R. McDaniels against G. H. Harrington.

The complaint sets out two causes of action. The first was for work and labor performed and for lumber, hay and other articles furnished defendant. For the second cause of action it was alleged that the plaintiff was lessee in possession of certain land of defendant, and that defendant, desiring to repossess himself of said lands, offered to pay plaintiff $200 if he would quit and surrender to defendant the leased premises, and that plaintiff thereupon accepted the offer and surrendered the premises before the expiration of the lease. The cause being at issue upon appropriate denials and a counterclaim, a trial was had, in the course of which plaintiff, being a witness in his own behalf, testified that he could not tell the exact number of days he had labored, but could refresh his memory from memoranda which he and his wife made out, which were in his wife's handwriting, but dictated by him. He testified, in substance, that he kept an

itemized account of the day's labor, etc., and at the end of each month sent it to the defendant, but that before doing so he dictated the totals as ascertained from the items on the paper sent defendant, and had them set down in writing, and that from this paper so prepared he could refresh his memory as to the amount of labor performed. Objection being made to this by defendant's counsel, a demand was made in open court for the production of such statements, but was refused, counsel stating that all papers relating to the matter were in the State of Washington. Later, and after plaintiff had testified, the defendant denied having ever received such statements. The court refused to allow the witness to use the memoranda to refresh his memory, but finally ruled that under the circumstances disclosed they might be admitted as original evidence, and they were so admitted over the objection of defendant, and plaintiff was examined and cross-examined as to their correctness; plaintiff's whole case on the first cause of action being dependent upon the integrity of those items. As to the second cause it was contended that the agreement for the surrender of the lease was a contract for the sale of an interest in lands, and that, the agreement not being in writing, it was void by reason of the statute of frauds: Section 808, subd. 6, L. O. L. There is also an exception to a refusal of the court to instruct the jury that certain items in the account were admitted by both parties. From a verdict for plaintiff, defendant appeals.

MODIFIED.

For appellant there was a brief with oral arguments by *Messrs. Cochran & Eberhard.*

For respondent there was a brief over the names of *Mr. Turner Oliver, Mr. Joel Richardson* and *Mr. O. L. Boose,* with an oral argument by *Mr. Oliver.*

Mr. Justice McBride delivered the opinion of the court.

1, 2. Touching the first objection urged, we are of the opinion that the witness should have been permitted to refresh his memory from the memoranda which the evidence tends to show were made and reduced to writing at a time when the facts were fresh in his memory: Section 859, L. O. L. His whole testimony was devoted to showing that the memoranda were correct, and, if true, did show they were. The testimony of the defendant is to the effect that no such statements were sent him in 1911, and later, as are detailed in plaintiff's testimony, and of which plaintiff claims the memoranda offered were summaries. While the court admitted them as original evidence instead of memoranda to refresh the memory of the witness, their actual value depended upon the witness' testimony as to the facts which an inspection of them recalled to his memory. Although the admission of the memoranda as original evidence was technically erroneous, it is plain that it was not such an error as worked any injustice to defendant. Plaintiff was examined and cross-examined as to the method of their preparation and their accuracy, and, outside of the fact that they served to recall to his memory the original transaction which they epitomized, they were worthless, so that indirectly they accomplished the very purpose for which they were offered, and nothing more. Our courts have been very liberal in permitting the use of such memoranda: *State* v. *Magers,* 35 Or. 538 (57 Pac. 197); *Susewind* v. *Lever,* 37 Or. 365, 368 (61 Pac. 644); *Oyler* v. *Dautoff,* 36 Or. 361 (59 Pac. 474).

3, 4. The second objection is not well taken. In this state leases for a period of one year are not re-

quired to be in writing, and it would be an anomaly in a contract that to surrender a lease should require a greater degree of formality in its execution than that requisite to create it: *Ross* v. *Schneider*, 30 Ind. 423; *McKinney* v. *Reader*, 7 Watts (Pa.), 123; *Greider's Appeal*, 5 Pa. St. 422; *Smith* v. *Devlin*, 23 N. Y. 363; *Harms* v. *McCormick*, 30 Ill. App. 125. In addition to this the contract had been executed, the plaintiff had surrendered possession, and the land had been sold to another person. To hold under such circumstances that defendant, after obtaining possession of the land, can repudiate his agreement to pay for the surrender of the lease would be to permit him to use the statute of frauds to perpetrate a fraud. It is seldom that the statute of frauds is applied to executed contracts: *McLeod* v. *Despain*, 49 Or. 536 (90 Pac. 492, 92 Pac. 1088, 124 Am. St. Rep. 1066, 19 L. R. A. (N. S.) 276).

5–7. Another objection urged is as to the refusal of the court to take away from the jury certain items in the account of plaintiff alleged to be due by reason of labor performed in cutting willows and filling a ditch upon defendant's land, for which plaintiff claimed $136.50. It appeared from the testimony that plaintiff took this work by contract. His testimony was that he was to receive $250. The land was sold before the work was completed, and plaintiff claims compensation at the rate of $6.50 per day for 21 days' work, which he performed with a team. Defendant claims that he agreed with plaintiff that the work should be "lumped off" at $100. There is no testimony on the part of plaintiff as to the reasonable value of the work per day. It is clear that, the sale of land by defendant having rendered the completion of the contract impossible, he is bound to pay the reasonable value of the work which has been performed. It is also clear that

plaintiff, having elected to sue for that reasonable value, should introduce some testimony tending to show what that reasonable value is. Not having done so, we must either send the case back for a new trial or adopt the defendant's theory that plaintiff's compensation was fixed at $100, and even this is not a wholly accurate method, as we cannot be sure the jury accepted plaintiff's statement in preference to defendant's. But this is a small case, with the evidence all before us, and we think it a fit one in which to invoke Section 3, Article VI, of our amended Constitution, which authorizes us, under certain circumstances, to retry the matter according to the rules of equity, and render such a judgment here as should have been rendered in the court below. We will therefore reduce the judgment $36.50 in accordance with the amount admitted by defendant.

8. Another objection urged relates to the failure of the court to instruct the jury that certain items in plaintiff's and defendant's accounts were admitted. This pertained principally to admissions in the testimony and not in the pleadings. It would have required quite an amount of time and research on the part of the court to have verified this instruction by going over the various items. While in some cases such an instruction would be proper, we do not think it was obligatory upon the court to give it. The jury had the testimony, and the law presumes them as capable of remembering and understanding it as the judge. The refusal to give it was not error.

The judgment will be modified by deducting the sum of $36.50 as above indicated, and, as so modified, will be affirmed.                                    Modified.

Mr. Justice Eakin absent.