By order dated July 21st, 1948, the Orphans' Court of Hudson County denied probate of a document dated November 8th, 1933, purporting to be the last will and testament of one Hattie E. Abbott, deceased. A caveat had theretofore been filed with the Surrogate, the grounds of objection being (1) undue influence, and (2) want of due execution. At the hearing before Judge Stanton the first ground was abandoned. On the second ground, the learned Judge of the Orphans' Court found against the proponent. In this determination we concur.
The instrument offered for probate was apparently written in the hand of decedent; it contains no attestation clause. To the left of decedent's signature are the signatures of two witnesses, viz., John Clarkson and Emily Orr. Immediately beneath the signature of decedent are the words "Signature witnessed by Max Kravitz", in the latter's handwriting, alongside which is printed or stamped "Notary Public of N.J. My commission Expires July 25, 1935." The Notary's seal is impressed on the instrument.
Witnesses Clarkson and Orr predeceased the author of the document. The only testimony at the hearing was that of the Notary, Max Kravitz. When carefully scrutinized, his testimony fails to establish the presence of anyone but decedent and himself on the occasion of his signing. Obviously his recollection of the circumstances is not clear at this time. When pressed for an unequivocal answer with respect to this vital point, he was obliged to admit that "Well, I guess I could not positively say".
One of the requisites of the making of a valid will is that publication shall be made "in the presence of two witnesses *Page 300 
present at the same time, who shall subscribe their names thereto, as witnesses, in the presence of the testator." R.S.
3:2-3.
Where the attestation clause to a will is imperfect, or is omitted altogether, the proponent is "required to furnish affirmative proof of compliance with such statutory requirement."In re Amsden, 121 N.J. Eq. 571, 573 (E. A. 1937). In the latter case (at page 574) the court added: "At best for the proponent we are left to conjecture as to when and where and in whose presence the witness signed the alleged will. In such case the rule is that the court has no right to substitute conjecture for positive proof of conformity to the statutory requirements."
Counsel for appellant urges that the testimony in the instant case, by analogy with the proofs in Vernon v. Vernon,69 N.J. Eq. 759 (Prerog. 1905), justify the probate of the will herein. We cannot adopt that view. It is to be observed that in the Vernon case, Chancellor Magie, sitting as the Ordinary, specifically found that the proofs there "established that the signature [of testator] was made by her in the presence of both [witnesses], and that they immediately thereafter signed their names thereto in the presence of [testator] and of each other, and at the request of [testator]." The only doubt in that case arose from the circumstance that testator had not, in specific words, "declared" the document to be a will. In the instant case the difficulty arises from the fact that the proofs establish the presence of but one witness to the signing and publication of the purported will.
The testimony in the instant case does not supply proof of compliance with statutory requirements. Probate was therefore properly denied. Where proof aliunde must be relied upon, nothing short of "positive" proof will suffice. In re Amsden,supra. The care which must be exercised at the time of the execution of a will, in order that statutory safeguards shall not be nullified, is indicated in the following decisions of our courts: Mundy v. Mundy, 15 N.J. Eq. 290 (Prerog. 1858);Allaire v. Allaire, 37 N.J. Law 312 (Sup.Ct. 1875),39 N.J.L. 113 (E. A. 1876); Lacey v. Dobbs, 63 N.J. Eq. 325 (E. A. 1901); Bioren v. Nesler, 77 N.J. Eq. 560 *Page 301 (E. A. 1910); In re Sutterlin, 99 N.J. Eq. 363 (E. A.
1925); and In re Amsden, supra.
Judgment below affirmed.